UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>    Plaintiff,<br><br>    v.<br><br>GAOGAO HAN, et al.,<br><br>    Defendants. | Case No. 15-cv-03463-JCS<br><br>**ORDER DENYING MOTION TO SERVE DEFENDANTS BY EMAIL**<br><br>Re: Dkt. No. 18 |

## I.  INTRODUCTION

Plaintiff Dongxiao Yue, proceeding pro se, applied for entry of default against Defendants Gaogao Han, Hanshan.Co, and Hanshan.Info after filing proofs of service indicating that a process server "served summons on [each] defendant by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." *See* Request for Entry of Default (dkt. 16); Proofs of Service (dkts. 11−13) (citing Cal. Civ. Proc. Code § 415.40).  The Clerk declined to enter default.  Plaintiff now seeks permission to serve process on all Defendants by email, invoking Rule 4(e) of the Federal Rules of Civil Procedure.  The Court finds the matter suitable for resolution without oral argument and **vacates the hearing set for January 8, 2016.**  For the reasons stated below, Plaintiff's Motion is DENIED without prejudice.[1]  The case management conference **remains on calendar on March 4, 2016 at 2:00 PM** and will take place in Courtroom G on the fifteenth floor of the federal courthouse at 450 Golden Gate Avenue, San Francisco, California.

## II.  LEGAL STANDARD

Rule 4(e) sets standards for sufficient service of process on an individual within the United

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

1  States.[2] As is relevant here, the Rule allows for service in any manner authorized by "following
2  state law for serving a summons in an action brought in courts of general jurisdiction in the state
3  where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1).
4        California law provides that "summons may be served on a person outside this state . . . by
5  sending a copy of the summons and of the complaint to the person to be served by first-class mail,
6  postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed
7  complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.40. The Code of Civil
8  Procedure further requires that "if service is made by mail pursuant to Section 415.40, proof of
9  service shall include evidence satisfactory to the court establishing actual delivery to the person to
10 be served, by a signed return receipt or other evidence." Cal. Civ. Proc. Code § 417.20(a).
11 California law also provides that "[w]here no provision is made in this chapter or other law for the
12 service of summons, the court in which the action is pending may direct that summons be served
13 in a manner which is reasonably calculated to give actual notice to the party to be served and that
14 proof of such service be made as prescribed by the court." *Id.* § 413.30.

### III. CASES CITED IN PLAINTIFF'S MOTION

Plaintiff cites four decisions of this district in which service by email has been approved. In *Williams-Sonoma Inc. v. Friendfinder Inc.*, Judge White allowed service by email on certain defendants located outside the United States under the "other means not prohibited" clause of Rule 4(f)(3) of the Federal Rules of Civil Procedure. *Williams-Sonoma*, No. C 06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007). The same is true of Judge Chen's decision in *D.Light Design, Inc. v. Boxin Solar Co., Ltd.*, No. C-13-5988 EMC, 2015 WL 526835 (N.D. Cal. Feb. 6, 2015). There is no indication that any defendant in this case is located outside the United States, so Rule 4(f)(3) does not apply.

In *Carson v. Griffin*, Judge Westmore similarly allowed international service by email pursuant to Rule 4(f)(3)—which, again, is not applicable here. *Carson*, No. 13-cv-0520 KAW,

---

[2] To the extent that Defendants Hanshan.Co and Hanshan.Info are corporations, partnerships, or associations, Rule 4(h) provides that they may also be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."

2013 WL 2403601, at *1–2 (N.D. Cal. May 31, 2014). Judge Westmore declined to allow service by email except for service on one defendant who satisfied both of two criteria: (1) the defendant purportedly evaded service by mail by providing the plaintiff with fraudulent mailing addresses; and (2) the plaintiff adequately explained why the email address he used for that defendant was correct. *Id.* at *2–3. Judge Westmore held that Civil Procedure Code section 413.30 applied to that defendant and service by email satisfied that section. Judge Gonzalez Rogers took much the same approach in *Facebook, Inc. v. Banana Ads, LLC*, allowing service by email on international defendants pursuant to Rule 4(f)(3) and on domestic defendants based on the specific conclusion that "Facebook's attempts to locate and contact the Domestic Defendants by postal mail and telephone have failed." *Facebook*, No. C-11-3619 YGR, 2012 WL 1038752 (Mar. 27, 2012) (citing Cal. Civ. Proc. Code § 413.30).

## IV. ANALYSIS

Plaintiff has not shown any reason why he cannot serve Defendants by mail pursuant to section 415.40. The Court therefore DENIES Plaintiff's request to allow or deem complete service by email.

The Proofs of Service that Plaintiff filed indicate that a process server attempted to serve each defendant by mail pursuant to section 415.40 after unsuccessful efforts to personally serve Defendant Gaogao Han. *See* dkts. 11–13; *see also* Rojas Decl. (dkt. 18-3) (describing efforts to effect personal service). The Proofs of Service do not, however, make clear what address or addresses service by mail was directed to, nor do they include "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence," other than the process server's conclusory statement that service was completed. *See* Cal. Civ. Proc. Code § 417.20. The Court therefore declines to enter default based on the Proofs of Service. Moreover, the Court is concerned that because Plaintiff initially mailed Defendants the summons and complaint with a request to waive service pursuant to Rule 4(d),[3] Defendants—who are not located in California—may not understand that they can be served by mail without need

---

[3] *See* Yue Decl. (dkt. 18-1) ¶¶ 13–14.

1 for their consent or waiver under California law.

2     Before the Court will consider authorizing service by email, Plaintiff should attempt service by mail pursuant to section 415.40.  To alleviate any confusion caused by the earlier request to waive service, Plaintiff is instructed to include with any service by mail a notice that service is being made pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and section 415.40 of the California Code of Civil Procedure.  After Plaintiff has completed such service, he may file new proofs of service including the sort of evidence contemplated by section 417.20.

    If Defendants do not answer or otherwise appear after service by mail has properly been effected, Plaintiff may renew his request for entry of default.  If for any reason Plaintiff is not able to complete service by mail, he may renew his motion for permission to serve Defendants by email pursuant to California Code of Civil Procedure section 413.30.

## V.   CONCLUSION

For the reasons stated above, the hearing is VACATED and Plaintiff's Motion is DENIED without prejudice to Plaintiff renewing his request if he is not able to properly complete service by mail pursuant to section 415.40 of the California Code of Civil Procedure.  The case management conference set for March 4, 2016 remains on calendar.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: December 18, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

4