1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONGXIAO YUE,

          Plaintiff,

   v.

GAOGAO HAN, et al.,

          Defendants.

Case No. 15-cv-03463-JCS

**ORDER GRANTING MOTION TO DEEM DEFENDANTS SERVED**

Re: Dkt. No. 23

## I. INTRODUCTION

Plaintiff Dongxiao Yue, proceeding pro se, applied for entry of default against Defendants Gaogao Han, Hanshan.Co, and Hanshan.Info after filing proofs of service indicating that a process server "served summons on [each] defendant by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." *See* Request for Entry of Default (dkt. 16); Proofs of Service (dkts. 11−13) (citing Cal. Civ. Proc. Code § 415.40). The Clerk declined to enter default, and the Court denied Plaintiff's motion to serve Defendants by email. Plaintiff now moves to deem Defendants served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. The Court finds the matter suitable for resolution without oral argument, and **vacates the hearing set for February 12, 2016.** For the reasons discussed below, Plaintiff's motion is GRANTED.[1]

## II. BACKGROUND

Plaintiff brings this action for copyright infringement and related claims, alleging that

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). Defendants have not yet appeared and thus have not consented. This Order is without prejudice to the Court revisiting the issue of service if Defendants appear and contest service, or if Defendants do not appear, the Clerk enters default, and Plaintiff moves for default judgment.

1    Defendant Gaogao Han used Plaintiff's JavaScript code without permission on two websites,

2    hanshan.co and hanshan.info.[2]  *See generally* Compl. (dkt. 1).  Plaintiff filed proofs of service on

3    October 3 and 4, 2015 (dkts. 11−13) demonstrating his efforts to serve process for all Defendants

4    on Defendant Gaogao Han in New Jersey, and applied for entry of default on November 11, 2015

5    (dkt. 16).  The Clerk declined to enter default on November 16, 2015.

6            On November 23, 2015, Plaintiff filed a "Motion to Service Defendants by Email and

7    Deem Email Service Effectuated."  Dkt. 18.  He argued that because diligent efforts to serve

8    Defendants had failed, service by email should be permitted under cases such as *Facebook, Inc. v.*

9    *Banana Ads, LLC*, which allowed such service pursuant to California's "catch-all" service statute,

10   section 413.30 of the California Code of Civil Procedure.  *See, e.g.*, *Facebook*, No. C-11-3619

11   YGR, 2012 WL 1038752 (Mar. 27, 2012).  The evidence at the time did not establish that Plaintiff

12   had adequately served Defendants by mail pursuant to section 415.40 of the Code of Civil

13   Procedure.  The Court denied Plaintiff's motion without prejudice and instructed him to attempt

14   service pursuant section 415.40.  Dkt. 22.  Plaintiff now moves to deem service complete pursuant

15   to New Jersey Court Rule 4:4-3, which permits service by ordinary mail if personal service cannot

16   be effected and the recipient refuses to accept delivery of registered or certified mail.  *See*

17   *generally* Mot. (dkt. 23).

18           Plaintiff's declaration (dkt. 23-2) indicates that he has reason to believe Defendant Gaogao

19   Han is the sole administrator and operator of the Defendant Websites.  Yue Decl. ¶¶ 3, 5.  An

20   investigator that Plaintiff hired determined that Defendant Gaogao Han lived at 2100 Linwood

21   Avenue, Apartment 22Y, in Fort Lee, New Jersey ("2100 Linwood").  *Id.* ¶¶ 6−7.

22           Plaintiff previously filed declarations by process server David Rojas indicating that Rojas

23   attempted to serve all defendants by personal service on Gaogao Han at 2100 Linwood.  *See* Rojas

24   Decls. (dkts. 18-2, 18-3, 18-4).  Rojas visited 2100 Linwood four times.  *Id.* ¶¶ 3−6.[3]  On the first

25

26   _____

27   [2] Hanshan.Co and Hanshan.Info (the "Defendant Websites") are named as defendants, but it is not
     clear whether they are entities capable of being sued.  The Court need not resolve that issue on the
     present motion.
28   [3] Each declaration by Rojas is identical except for the name of the particular defendant being
     served.

United States District Court
Northern District of California

1  visit, he spoke to a concierge named Johnny at 2100 Linwood who confirmed that Gaogao Han

2  resided in Apartment 22Y.  *Id.* ¶ 3.  Each time Rojas visited, the concierge tried calling Apartment

3  22Y but received no response, and therefore denied Rojas access pursuant to the building's

4  security policies.  *Id.* ¶¶ 3−6.  After the concierge denied Rojas access on the fourth visit on

5  August 18, 2015, Rojas spoke to a property management employee named Carrie, who allowed

6  him access with a security escort.  *Id.* ¶ 6.  Rojas knocked on the door of Apartment 22Y and

7  "observed someone look through the peek hole . . . but refuse to answer the door or acknowledge

8  [Rojas's] presence."  *Id.*  Rojas continued knocking for several minutes but the person did not

9  answer the door, and security eventually escorted Rojas from the building.  *Id.*  Rojas concluded

10  that Gaogao Han was actively evading service.  *Id.* ¶ 7.

11      On September 29, 2015, another process server, Suzanne Weingartner, mailed summons

12  and the Complaint to each defendant separately at 2100 Linwood via certified mail.  Weingartner

13  Decl. (dkt. 23-1) ¶ 2 & Ex. 1.  She never received return receipts for those mailings.  *Id.* ¶ 3.

14  Plaintiff checked the delivery status of them through the U.S. Postal Service website on December

15  28, 2015, which indicated that they had neither been delivered nor returned.  Yue Decl. ¶¶ 10−11

16  & Ex. A.  On September 30, 2015, Weingartner mailed the same documents to each defendant

17  separately at 2100 Linwood via ordinary mail.  Weingartner Decl. ¶ 4.  As of December 29, 2015,

18  those mailings were not returned.  *Id.* ¶ 5.

19      Plaintiff sent the Court's case management order to Gaogao Han on October 16, 2015 via

20  Priority Mail.  Yue Decl. ¶ 12.  That mailing was returned to Plaintiff with a handwritten note that

21  it was "refused."  *Id.* ¶ 12 & Ex. B.

22  **III.    ANALYSIS**

23      **A.    Legal Standard**

24      Rule 4(e) sets standards for sufficient service of process on an individual within the United

25  States.[4]  As is relevant here, the Rule allows for service in any manner authorized by "following

26

27  ――――――――――――――
    [4] To the extent that the Defendant Websites are corporations, partnerships, or associations, Rule
28  4(h) provides that they may also be served "in the manner prescribed by Rule 4(e)(1) for serving
    an individual."

United States District Court
Northern District of California

state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Here, Plaintiff can satisfy Rule 4(e)(1) by serving Defendants in a manner consistent with either New Jersey or California law.

The New Jersey rules provide the following guidance regarding service:

> If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment.

> If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode.

> The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service. . . . Return of service shall be made as provided by R[ule] 4:4-7.

N.J. Ct. R. 4:4-3 (paragraph breaks added).

Rule 4:4-7 requires the serving party to "make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment," including "affidavits of inquiry, if any, required by R[ule] 4:4-4 and R[ule] 4:4-5." N.J. Ct. R. 4:4-7.  An affidavit of inquiry must demonstrate that the person making service has inquired

> of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; . . . in person or by letter . . . ; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it.  The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

N.J. Ct. R. 4:4-5(b); *see also* N.J. Ct. R. 4:4-4(b)(1) (referring to the standard of Rule 4:4-5(b)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Turning to the California standards, which would also satisfy Rule 4(e)(1), "summons may

2   be served on a person outside this state . . . by sending a copy of the summons and of the

3   complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.

4   Service of a summons by this form of mail is deemed complete on the 10th day after such

5   mailing."  Cal. Civ. Proc. Code § 415.40.  The Code of Civil Procedure further requires that "if

6   service is made by mail pursuant to Section 415.40, proof of service shall include evidence

7   satisfactory to the court establishing actual delivery to the person to be served, by a signed return

8   receipt or other evidence."  Cal. Civ. Proc. Code § 417.20(a).

9   California law also provides that "[w]here no provision is made in this chapter or other law

10   for the service of summons, the court in which the action is pending may direct that summons be

11   served in a manner which is reasonably calculated to give actual notice to the party to be served

12   and that proof of such service be made as prescribed by the court."  *Id.* § 413.30

13   **B.   Plaintiff Satisfied the New Jersey Rules**

14   Reading Rules 4:4-3 through 4:4-7 in concert, a plaintiff may effect service by mail using

15   the following steps:

16   (1) Diligently attempting to complete personal service, N.J. Ct. R. 4:4-3;

17   (2) Inquiring of any person who the plaintiff believes has knowledge of the defendant's

18   location, and informing that person that the purpose of the inquiry is to give notice of an action

19   that has been filed so that the defendant may appear and defend, N.J. Ct. R. 4:4-4(b)(1), 4:4-5(b);

20    (3) Mailing a copy of the summons and complaint to the defendant's home by registered

21   or certified mail, N.J. Ct. R. 4:4-3;

22   (4) Mailing a copy of the summons and complaint to the defendant's home by ordinary

23   mail, *id.*; and

24   (5) Filing affidavits confirming all of the above, N.J. Ct. R. 4:4-7.

25   Here, the evidence that Plaintiff has submitted satisfies nearly all of these requirements:

26   (1) acting on Plaintiff's behalf, Rojas attempted to serve Gaogao Han in person; (2) Rojas inquired

27   with the concierge at 2100 Linwood regarding Gaogao Han's residence, and the concierge

28   confirmed that he lived at Apartment 22Y; (3) Weingartner mailed summons and the Complaint to

1    each defendant at 2100 Linwood via certified mail; (4) Weingartner mailed the same documents to

2    each defendant at 2100 Linwood via ordinary mail; and (5) Plaintiff filed declarations confirming

3    that all of those steps were taken.

4          The only omission is part of item (3): there is no evidence that when Rojas inquired with

5    the concierge, he informed that concierge that an action had been filed against Gaogao Han and

6    that he was seeking to serve process on him, as Rule 4:4-5(b) instructs.  In the Court's view, that

7    omission is not fatal.  The purpose of disclosing the reason for inquiry appears to be to ensure that

8    the person being asked understands the importance of the inquiry and is motivated to answer, if he

9    or she knows the answer.  Here, the concierge answered Rojas's inquiry by confirming that

10   Gaogao Han lived in Apartment 22Y.  It is perhaps plausible that a concierge in an apartment

11   building with apparently strict security policies would not disclose a resident's apartment number

12   to a process server, and under such circumstances, a lack of evidence as to whether the process

13   server informed the concierge of the purpose of the inquiry might be relevant to a court's analysis

14   of diligence.  It is not plausible, however, that the concierge would direct the process server to

15   knock on the door of an apartment in the building belonging to someone other than the intended

16   recipient.  The Court finds that the concierge's confirmation of Gaogao Han's address

17   demonstrates that Han was not prejudiced by any failure of Rojas to inform the concierge that a

18   lawsuit had been filed.

19         State and federal courts in New Jersey have held service by mail to be invalid if not

20   supported by "an affidavit of diligent inquiry showing that in-state [personal] service could not be

21   accomplished."  *Sobel v. Long Island Entm't Prods., Inc.*, 329 N.J. Super. 285, 293 (App. Div.

22   2000); *see also, e.g.*, *Advanced Surgery Ctr. v. Conn. Gen. Life Ins. Co.*, No. 12-2715 (JLL), 2012

23   WL 3598815, at *6 (D.N.J. July 31, 2012), *adopted*, 2012 WL 3598799 (D.N.J. Aug. 21, 2012);

24   *Arianna Holding Co., LLC v. Cummings*, No. F-31268-08, 2011 WL 2671805, at *3 (N.J. Super.

25   Ct. App. Div. July 11, 2011) (per curiam).  But while courts have dismissed cases where there was

26   *no* affidavit of diligent inquiry, the Court is aware of no case finding a failure to inform a third

27   party of the purpose of inquiry to be fatal, particularly where that third party in fact answered the

28   inquiry by confirming the defendant's residence.

United States District Court
Northern District of California

6

1    The Court finds that Plaintiff's and Rojas's declarations evince diligent effort to serve

2 Defendants in person.  *See Arianna Holdings*, 2011 WL 2671805, at *2 (noting with approval the

3 lower court's holding that several failed attempts to personally serve a defendant would have been

4 sufficient to satisfy Rule 4:4-4(b)(1)'s diligence requirement).  Service by mail was therefore

5 proper under New Jersey law.

6    **C.    Service is Also Proper Under the California Code of Civil Procedure**

7    Even if the evidence here did not satisfy New Jersey law, the Court finds that service was

8 proper under California law.  As compared to Plaintiff's previous motion, the additional

9 information provided in Plaintiff's and Weingartner's declarations  demonstrates that Plaintiff took

10 diligent steps to serve Defendants by mail pursuant section 415.40 of the California Code of Civil

11 Procedure.  He does not, however, have proof that Defendants actually received the mailings as

12 required by section 417.20(a).

13    As discussed in the Court's previous Order, courts have under similar circumstances

14 allowed service by email under section 413.30, which allows a court to "direct that summons be

15 served in a manner which is reasonably calculated to give actual notice to the party to be served."

16 *See, e.g.*, *Carson v. Griffin*, No. 13-cv-0520 KAW, 2013 WL 2403601 (N.D. Cal. May 31, 2014);

17 *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27,

18 2012).  Although the Court was not satisfied at the time that Plaintiff had exhausted the possibility

19 of service by mail under section 415.40, Plaintiff has now demonstrated that he did so.  The

20 declaration submitted with Plaintiff's previous motion establishes that he served Defendants by

21 email at several email addresses reasonably calculated to give actual notice and received

22 confirmation that at least one of the emails he sent was opened.  *See* dkt. 18-1 ¶¶ 5−10 & Exs. A,

23 B.  Accordingly, in addition to the Court's holding based on New Jersey law discussed above, the

24 Court also holds that Plaintiff adequately served Defendants pursuant to section 413.30 of the

25 California Code of Civil Procedure.

26 **IV.    CONCLUSION**

27    For the reasons stated above, service of process is deemed effective on Defendants.

28 Plaintiff is instructed to serve a copy of this Order on Defendants by email and ordinary mail.

7

1    Twenty-one days after he has done so, he may renew his application for entry of default.

2          Any party who is not represented by counsel is encouraged to consult with the Federal Pro

3    Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses

4    for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th

5    floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in

6    Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be

7    made by calling (415) 782-8982 or signing up in the appointment book located outside either

8    office, and telephone appointments are available.  Lawyers at the Legal Help Center can provide

9    basic assistance to parties representing themselves but cannot provide legal representation.

10          **IT IS SO ORDERED.**

11   Dated: February 5, 2016

12   _____

13   JOSEPH C. SPERO
     Chief Magistrate Judge