UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>            Plaintiff,<br><br>      v.<br><br>GAOGAO HAN, et al.,<br><br>            Defendants. | Case No.  15-cv-03463-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AMENDED MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, AND DISMISS**<br><br>Re: Dkt. No. 42 |

Pending before the Court is Defendant Gaogao Han's amended motion to (1) set aside default; (2) dismiss for defective service or, in the alternative, quash service; and (3) dismiss for lack of personal jurisdiction.  Dkt. No. 42 ("Mot.").[1]  At the June 9, 2016, hearing, the Court GRANTED IN PART and DENIED IN PART Defendant Han's Motion by (1) granting the motion to set aside entry of default as to Defendant Han; (2) granting the motion to quash service as to Defendant Han; (3) denying the motion to dismiss for defective service; and (4) denying the motion to dismiss for lack of personal jurisdiction.  This Order further details the Court's analysis with respect to the service and personal jurisdiction issues.

## I.    MOTION TO DISMISS FOR DEFECTIVE SERVICE OR TO QUASH SERVICE

Defendant Han asserts that this action should be dismissed or, in the alternative, service should be quashed because Plaintiff failed to properly effectuate service under either California or New Jersey law.  Mot. at 8-11.  The Court agrees that service should be quashed but disagrees that

---

[1] In addition to himself, Defendant Han purports to bring this Motion on behalf of hanshan.co and hanshan.info.  However, under Civil Local Rule 3-9(b), a corporation, unincorporated association, partnership, or other such entity cannot be represented *pro se*.  Accordingly, the Court treats the Motion as brought solely on behalf of Defendant Han.  This Order has no effect on hanshan.co or hanshan.info.

United States District Court
Northern District of California

1  this action should be dismissed.

### A.    Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  If service is challenged, the plaintiff bears the burden of establishing proper service.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Upon a finding of improper service, it is within the district court's sound discretion to determine whether to quash service of process or to dismiss the case.  *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976); *Arasan Chip Sys., Inc. v. Sonix Tech. Co.*, No. 509-CV-02172 JF PVT, 2010 WL 890424, at *1 (N.D. Cal. Mar. 8, 2010).  But "[d]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Arasan Chip Sys., Inc.*, 2010 WL 890424 at *1.

### B.    Analysis

Plaintiff, through two process servers, attempted to serve Defendant Han in person and by mail at 2100 Linwood Avenue, Apt. 22Y, Fort Lee, New Jersey.  *See* Dkt. Nos. 18-2, 18-3, 18-4, 23-1.  Accordingly, under Federal Rule of Civil Procedure 4(e), Plaintiff may demonstrate that his service was proper under either New Jersey or California law.  Fed. R. Civ. P. 4(e)(1) (An individual may be served within the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

The Court Rules of New Jersey provide that "[i]f personal service cannot be effected after a reasonable and good faith attempt," service may be made by mail to the defendant's "usual place of abode."  N.J. Ct. R. 4:4-3.

Under the California Civil Procedure Code, "summons may be served on a person outside this state . . . by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt."  Cal. Civ. Proc. Code § 415.40.  A Court may also direct email service if it is "reasonably calculated to give actual notice to the party to be served."  *See, e.g., Carson v. Griffin*, No. 13-cv-0520 KAW, 2013 WL 2403601 (N.D. Cal.

2

1    May 31, 2014); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752

2    (N.D. Cal. Mar. 27, 2012); Cal. Civ. Proc. Code § 413.30.

3       Before Defendant Han appeared in this matter, Magistrate Judge Spero found that Plaintiff

4    had diligently attempted in person service, and "[s]ervice by mail was therefore proper under New

5    Jersey law." Dkt. No. 24 at 7. Magistrate Judge Spero also held that Plaintiff had properly served

6    Defendants by email under California Civil Procedure Code 413.30 because "Plaintiff had

7    exhausted the possibility of service by mail under section 415.40." *Id.* Both of Magistrate Judge

8    Spero's holdings were "without prejudice to the Court revisiting the issue of service if Defendants

9    appear and contest service." *Id.* at 1 n. 1.

10       Now that he has appeared, Defendant Han has submitted evidence that he has not resided

11    at 2100 Linwood Avenue in Fort Lee, New Jersey since 2006. Dkt. No. 57 ¶ 2. As such, Plaintiff

12    has not satisfied New Jersey Court Rule 4:4-3 by mailing a copy of the summons and complaint

13    "to the usual place of abode of the defendant." Moreover, Defendant Han represents that the email

14    addresses that Plaintiff served, admin@hanshan.co and admin@hanshan.info, ceased to exist by

15    August 9, 2015. Dkt. No. 57 ¶ 7. Accordingly, email service to the aforementioned addresses did

16    not satisfy California Civil Procedure Code § 413.30 because it was not reasonably calculated to

17    give actual notice of this action to Defendant Han.

18       The Court GRANTS the motion to quash the prior service of Defendant Han. The Court

19    finds that service of Defendant Han at My2888@outlook.com (the email address Defendant Han

20    registered with the Court's ECF system) is reasonably calculated to provide actual notice. Plaintiff

21    already has filed a proof of service confirming that he served Defendant Han by email on June 10,

22    2016. Dkt. No. 62. Because service has been completed as ordered, the Court DENIES

23    Defendant Han's motion to dismiss for defective service.

24   **II.**     **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

25       Defendant Han also contends that this action should be dismissed with prejudice because

26    the Court lacks personal jurisdiction. Mot. at 12-15. The Court disagrees.

27      **A.**     **Legal Standard**

28       "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff

*United States District Court*
*Northern District of California*

3

bears the burden of establishing that jurisdiction is proper." *Id.* at 1223.  Absent an evidentiary hearing, a plaintiff "need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  "[C]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014).  Where "there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).  Where a state, like California, "authorize[s] its courts to exercise jurisdiction over persons on any basis not inconsistent with . . . the Constitution of the United States," *see Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks omitted), federal courts ask whether the exercise of jurisdiction over a defendant "comports with the limits imposed by federal due process," *Daimler*, 134 S. Ct. at 753.  *See also* Cal. Civ. P. Code § 410.10 (California's long-arm statute is co-extensive with the federal due process clause).

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden*, 134 S. Ct. at 1121. Specifically, "[a] court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Ninth Circuit analyzes specific jurisdiction under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Washington Shoe*, 704 F.3d at 672.  If a plaintiff satisfies the first two prongs of the *Washington*

4

*Shoe* test, the burden shifts to the defendant to "set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Mavrix Photo, Inc.*, 647 F.3d at 1227.

In a copyright infringement action, purposeful direction requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.2006). An intentional act requires "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Further, a defendant "expressly aims" at the forum state "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

### B.   Analysis

The Court holds that Plaintiff has made a sufficient prima facie showing of the Court's specific jurisdiction over Defendant Han. Plaintiff asserts that Defendant Han has been aware of Plaintiff's copyrighted Tube.JS Program since July 31, 2012. Dkt. No. 59 ¶¶ 9-10. Additionally, Plaintiff contends that Defendant Han wrote a blog article in 2012 acknowledging that Plaintiff both resides and works in California. Dkt. No. 49 ¶ 13. Thereafter, according to Plaintiff, Defendant Han copied Plaintiff's Tube.JS Program for use on hanshan.co beginning in 2014. *Id.* ¶¶ 14-16. These non-conclusory allegations are sufficient to satisfy the purposeful direction test. Plaintiff's complaint arises out of the aforementioned alleged conduct, and thus the burden shifts to Defendant Han to set forth a compelling case that the exercise of jurisdiction would be unreasonable. Defendant Han has failed to do so.

Accordingly, the Court DENIES Defendant Han's motion to dismiss for lack of personal jurisdiction.

### III.   CONCLUSION

Consistent with the Court's ruling at the June 9, 2016, hearing, the Court GRANTS IN

United States District Court
Northern District of California

1  PART and DENIES IN PART Defendant Han's Motion.  The Court

2         (1) GRANTS Defendant Han's motion to set aside entry of default as to Defendant

3             Han;

4         (2) GRANTS Defendant Han's motion to quash the prior service of Defendant Han;

5         (3) DENIES Defendant Han's motion to dismiss for defective service; and

6         (4) DENIES Defendant Han's motion to dismiss for lack of personal jurisdiction.

7         The parties are directed to file either a Stipulation to ADR Process or Notice of Need for

8  ADR Phone Conference by June 17, 2016.  The Court sets a case management conference for July

9  19, 2016 at 2:00 p.m.

10         The Court strongly encourages each party to schedule an appointment with the *pro se* Legal

11  Help Center, either by calling 415-782-8982 or by signing up in the appointment book located on the

12  table outside the door of the Legal Help Center at the United States Courthouse, 450 Golden Gate

13  Avenue, 15th Floor, Room 2796, in San Francisco, California.

14         **IT IS SO ORDERED.**

15  Dated:   June 14, 2016

16

17                                    HAYWOOD S. GILLIAM, JR.
                                      United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California