UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAOGAO HAN, et al.,<br><br>　　　　　Defendants. | Case No.15-cv-03463-HSG<br><br>**ORDER DENYING PARTIES' SPECIAL MOTIONS TO STRIKE**<br><br>Re: Dkt. Nos. 92, 102 |

Pending before the Court are the parties' respective special motions to strike. *See* Dkt. Nos. 92, 102. Plaintiff Dongxiao Yue moves to strike Defendant Gaogao Han's state-law defamation, false advertising, and unfair competition law counterclaims. Dkt. No. 92. Defendant, in turn, moves to strike Plaintiff's state-law defamation claim. Dkt. No. 102. Both parties assert that the other's state-law claims target their free speech rights, in violation of California's anti-Strategic Lawsuit against Public Participation statute ("anti-SLAPP"). Cal. Civ. P. Code § 425.16. Because the parties have failed to demonstrate that their speech was made in connection with an issue of public interest, the Court DENIES both Plaintiff's and Defendant's motions to strike.

**I.  BACKGROUND**

Plaintiff alleges that Defendant infringed Plaintiff's copyrighted "Tube.JS Program" by incorporating the program into his own website and claiming it as his own. Dkt. No. 1 ("Compl.") ¶¶ 15–22, 45. According to Plaintiff, when he notified Defendant of the infringing conduct, Defendant began a defamatory campaign in which he denigrated both the Tube.JS Program and Plaintiff himself. *Id.* ¶¶ 29–36. Defendant, in response, alleges that Plaintiff publicly attacked Defendant in articles and microblogs, ultimately forcing Defendant to shut down his website. Dkt. No. 84 (Second Amended Answer, "SAA") ¶ 2, 30–34.

## II. LEGAL STANDARD

The California anti-SLAPP statute[1] was passed to combat "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. P. Code § 425.16(a). It protects, *inter alia*, "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." *Id.* § 425.16(e)(3). First, the moving party must make a prima facie showing that the challenged claims arise from an act in furtherance of the moving party's rights of petition or free speech. *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1388 (Cal. Ct. App. 2011). Only then does the burden shift to the non-moving party to prove a likelihood of success on the merits of the claims. *Id.* The Court must deny the motion if the moving party fails to make "the required prima facie showing." *Id.*

## III. ANALYSIS

### A. Motion to Strike

The parties have failed to show that any of the speech at issue is protected under the anti-SLAPP statute. Because both Plaintiff's and Defendant's statements were made on internet blogs, they are undoubtedly "public." *See, e.g.*, *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1007 (Cal. Ct. App. 2001) (finding website where public can access and post free of charge constituted "a place that is open to the public where information is freely exchanged."). Although necessary, that is hardly sufficient. Rather, the key question is whether the statements were made "in connection with an issue of public interest."

Under California law, speech is considered to be "in connection with an issue of public interest" if it concerns: (1) a person in the public eye; (2) "conduct that could directly affect a large number of people beyond the direct participants;" or (3) "a topic of widespread, public interest." *Rivero v. Am. Fed'n of State, Cnty., and Mun. Employees, AFL–CIO*, 105 Cal. App. 4th 913, 924 (Cal. Ct. App. 2003). Mere publication (even on the internet) does not transform private

---

[1] California's anti-SLAPP statute applies to state claims in federal court. *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970–73 (9th Cir. 1999). A special motion to strike may be addressed to individual causes of action and need not be directed to the complaint as a whole. *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1387 (Cal. Ct. App. 2011).

information into a matter of public interest: "A person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people." *Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1133 (Cal. Ct. App. 2003); *Rivero*, 105 Cal. App. 4th at 926 ("If the mere publication of information in a union newsletter distributed to its numerous members were sufficient to make that information a matter of public interest, the public-issue limitation would be substantially eroded, thus seriously undercutting the obvious goal of the Legislature that the public-issue requirement have a limiting effect.").

Here, Plaintiff alleges that Defendant denounced the pending copyright infringement action as "extortion" and minimized the value of Plaintiff's code. Defendant, in turn, alleges that Plaintiff called him a thief and accused him of stealing Plaintiff's own code for his website. Yet neither Plaintiff nor Defendant has adequately explained how their respective public statements are related to issues of public interest as opposed to their private feud. They are merely arguing over the current copyright infringement action and the underlying facts. To warrant protection, however, the "focus of the speaker's conduct should be the public interest rather than a mere effort 'to gather ammunition for another round of [private] controversy . . . .'" *Weinberg*, 110 Cal. App. at 1132–33 (quoting *Connick v. Myers*, 461 U.S. 138, 148 (1983)). "[A] matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest." *Id.* at 1132.

The parties' contention that their statements are of interest to the viewers of their respective websites is unavailing. This is not a situation like *Makaeff v. Trump Univ., LLC*, 715 F.3d 254 (9th Cir. 2013), where the non-moving party was warning would-be consumers of deceptive business practices. There is no evidence that there has been any public debate about the Tube.JS Program or that the parties were contributing to such debate. *Cf. Du Charme v. Int'l Bhd. of Elec. Workers, Local 45*, 110 Cal. App. 4th 107, 117 (2003) (holding that online report about employee terminated for financial mismanagement was informational, but not connected to any "ongoing controversy, dispute or discussion"); *Rivero*, 105 Cal. App. 4th at 924 (holding reports that supervisor terminated after union members complained of his activities was not a discussion of policies against unlawful workplace activities). The Court also notes the inherent inconsistency in the parties' arguments. Each claims his own statements are protected because they were made

3

on issues of public interest whereas the other party's statements on similar topics are not. The Court declines to credit such gamesmanship and DENIES both motions to strike.

### B. Motion to Dismiss

To the extent that Defendant is also moving to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), this request is untimely. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made *before* the responsive pleading.") (citing Fed. R. Civ. P. 12(b)(6)). Yet the motion is insufficient even when treated as a motion for judgment on the pleadings. "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (quotation omitted). Plaintiff's motion simply refutes Defendant's factual allegations. The Court accordingly DENIES the motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to strike Plaintiff's state-law causes of action and the Court DENIES Plaintiff's motion to strike and dismiss Defendant's counterclaims.

**IT IS SO ORDERED.**

Dated: 3/17/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge